**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

THEODORE MANDY JOSE, Jr.,

Defendant - Appellant.

No. 08-10474

D.C. No. 4:07-cr-00377-FRZ-JJM

MEMORANDUM [*]

Appeal from the United States District Court
for the District of Arizona
Frank R. Zapata, District Judge, Presiding

Argued and Submitted December 7, 2009
San Francisco, California

Before: O'SCANNLAIN, RAWLINSON, and BEA, Circuit Judges.

Appellant Theodore Mandy Jose, Jr. (Jose) challenges his conviction and

sentence of fifty-one months' imprisonment.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

1.     The district court did not plainly err when it allowed the government to cross-examine Jose regarding his guilty plea in tribal court.  Plain-error analysis applies because the district court's ruling on Jose's motion in limine was not "explicit and definitive," and Jose failed to raise a contemporaneous objection during trial.  *Palmerin v. City of Riverside*, 794 F.2d 1409, 1413 (9th Cir. 1986).  When Jose testified that he was in tribal custody, the government could permissibly use that opening to present evidence favorable to its case.  *See United States v. Sine*, 493 F.3d 1021, 1037 (9th Cir. 2007), *as amended*.  The guilty plea was an admission by a party-opponent of his having assaulted the victim.  *See* Fed. R. Evid. 801(d)(2)(A).


2.     The district court did not err when it denied Jose's motion to suppress statements made to Detective Rosales.  Detective Rosales warned Jose that his statements could be used against him in court.  She was not required to specifically warn Jose that his statements could be used against him in a federal prosecution. *See United States v. Male Juvenile*, 280 F.3d 1008, 1022-23 (9th Cir. 2002).

**3.** The district court's imposition of fifty-one months' imprisonment was substantively reasonable.[1] Considering the totality of circumstances, the district court imposed a sentence within the applicable sentencing range and adequately explained its reasoning. *See United States v. Bendtzen*, 542 F.3d 722, 729 (9th Cir. 2008) (holding that a sentence within a properly calculated guideline range is usually reasonable).

**AFFIRMED.**

---

[1]Jose does not contend that the sentencing calculation was procedurally defective. *See United States v. Grissom*, 525 F.3d 691, 696 (9th Cir. 2008).